United States District Court
Southern District of Texas
**ENTERED**
June 02, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMANDA DAVIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-19-1255 |
| § | |
| ALIEF ISD, et al., § | |
| § | |
| Defendant. § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is the Individual Defendants' Motion to Dismiss (Doc. 19). Plaintiff proceeds pro se and in forma pauperis.

Plaintiff filed this lawsuit against Alief ISD, Sharonda Newby, Tariq Hamid, Kellye Brown, and Serena William complaining that her third-grade daughter was unfairly punished and denied due process when she was assigned to an alternative learning campus for thirty days for "serious and persistent" misbehavior.[2] In the documents attached to the complaint, Plaintiff alleges that she did not receive adequate notice of this discipline.[3]

On November 7, 2019, Defendants Sharonda Newby, Tariq Hamid, Kellye Brown, and Serena William (the "Individual Defendants")

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 21, Ord. Dated Dec. 6, 2019.

[2] See Doc. 1, Pl.'s Compl., Email Dated Mar. 8, 2019, from T. Hamid p. 9.

[3] See id. Email Dated Feb. 12, 2019 from Pl. p. 10.

filed the pending motion to dismiss.[4]  In the motion, the Individual Defendants argue that Plaintiff's complaint should be dismissed based on ineffective service of process.  The Individual Defendants complain that: (1) Plaintiff failed to attach a copy of the complaint to the summons; (2) the Federal Rules do not authorize a plaintiff to effectuate service of process; and (3) they are not authorized to accept service of process on behalf of Alief Independent School District.[5]

The remedy for any defect in Plaintiff's service of process would be to re-serve Defendants.  See 28 U.S.C. § 1915(d).  However, because Plaintiff proceeds in forma pauperis, the court is required to screen the pleadings and dismiss the complaint, in whole or in part, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(b).

Plaintiff stated her claim as follows:

> My third grade daughter was kick[ed] out of school [at] 10 y[ea]rs of age. (Exclusionary discipline.)  They tried forcing me to enroll her in a school for troubled kids that my 10 y[ea]r[] old kn[ew] nothing about.  I feared she could be exposed to behaviors worse.  I didn't believe the punishment was fair.

Other than generally complaining about her child's placement in an alternative school program, Plaintiff has not explained exactly

---

[4]   See Doc. 19, Individual Defs.' Mot. to Dismiss.

[5]   See id. pp. 4-5.

where in the reassignment process her child was deprived of a protected property interest. Documents attached to Plaintiff's complaint show that Plaintiff had extended conversations and emails about the child's placement at the alternative campus, including a meeting with Tariq Hamid, the school district's manager of student services.[6]

The Fifth Circuit has held that no protected property interest is implicated by the assignment of a student to an alternative education program because the assignment has not deprived the student of her entitlement to a public education. See <u>Swindle v. Livingston Parish School Board</u>, 655 F.3d 386, 394 (5th Cir. 2011). As Plaintiff's daughter's assignment to the alternative campus did not deprive the child of her right to a public education, Plaintiff has failed to allege a due process violation.

In addition to failing to state a claim, Plaintiff appears to have abandoned her lawsuit altogether. Plaintiff did not respond to the Individual Defendants' motion to dismiss, which was filed over six months ago, and has not filed any pleading in this case since October 2019. The Federal Rules empower a district court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b); <u>see also</u> <u>Larson v. Scott</u>, 157 F.3d 1030, 1031 (5th Cir. 1998). Dismissal for failure to prosecute may be upon motion of

---

[6] <u>See</u> Doc. 1, Mar. 8, 2019 Email from T. Hamid. p. 9.

the defendant or sua sponte.  Clewis v. Medco Health Sols., Inc., No. 3:12-CV-5208-L, 2014 WL 840026, at * 3 (N.D. Tex. Mar. 4, 2014), aff'd, 578 F. App'x 469 (5th Cir. 2014) (unpublished).  The court's authority is derived from the court's power to manage its own docket "to ensure the orderly and expeditious disposition of cases."  Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992)(quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).  Alternatively, Plaintiff's lawsuit should be dismissed for failure to prosecute.

Based on the foregoing, the court **RECOMMENDS** that this suit be **DISMISSED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 2nd day of June, 2020.

4

Nancy K. Johnson
United States Magistrate Judge